UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
TREAVOR WALTERS,                    Index No.:  08-CV-01059
                                               (MGC)(GWG)

                    Plaintiff,      **ANSWER**

          -against-

GREYHOUND, INC., METRO CLEVELAND
SECURITY AND SECURITY OFFICER
JOHN AND JOE DOE INDIVIDUALLY
AND AS SECURITY OFFICERS,

                    Defendants.
------------------------------X

     Defendant, **METRO CLEVELAND SECURITY, INC. s/h/a METRO
CLEVELAND SECURITY,** by its attorneys, JONES HIRSCH CONNORS &
BULL P.C., as and for its Answer to plaintiff's Complaint
alleges as follows:


## NATURE OF ACTION


     FIRST:    Denies having knowledge or information sufficient
to form a belief as to the allegations contained in paragraph
designated "1".


## JURISDICTION AND VENUE


     SECOND:    Denies the allegations contained in paragraph "2"
in the form alleged.

THIRD:    Denies, upon information and belief, the allegations contained in paragraph designated "3".

FOURTH:    Denies, upon information and belief, the allegations contained in paragraph designated "4".

FIFTH:    Denies the allegations contained in paragraph "5" in the form alleged and respectfully refers all questions of law to the Honorable Justice presiding at the trial of this lawsuit.

SIXTH:    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "6".

## PARTIES

SEVENTH:    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "7".

EIGHTH:    Denies the allegations contained in paragraph "8" in the form alleged.

NINTH:     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "9".

## **FACTUAL ALLEGATIONS**

TENTH:     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "10".

ELEVENTH: Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "11".

TWELFTH:   Denies, upon information and belief, the allegations contained in paragraph designated "12".

THIRTEENTH:     Denies, upon information and belief, the allegations contained in paragraph designated "13".

FOURTEENTH:     Denies, upon information and belief, the allegations contained in paragraph designated "14".

- 3 -

FIFTEENTH:       Denies, upon information and belief, the allegations contained in paragraph designated "15".

SIXTEENTH:       Denies, upon information and belief, the allegations contained in paragraph designated "16".

SEVENTEENTH:    Denies, upon information and belief, the allegations contained in paragraph designated "17".

EIGHTEENTH:     Denies, upon information and belief, the allegations contained in paragraph designated "18".

NINETEENTH:     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "19".

TWENTIETH:       Denies, upon information and belief, the allegations contained in paragraph designated "20".

TWENTY-FIRST:   Denies, upon information and belief, the allegations contained in paragraph designated "21".

TWENTY-SECOND: Denies, upon information and belief, the allegations contained in paragraph designated "22".

- 4 -

TWENTY-THIRD:  Denies, upon information and belief, the allegations contained in paragraph designated "23".

TWENTY-FOURTH: Denies, upon information and belief, the allegations contained in paragraph designated "24".

TWENTY-FIFTH:  Denies, upon information and belief, the allegations contained in paragraph designated "25".

TWENTY-SIXTH:  Denies, upon information and belief, the allegations contained in paragraph designated "26".

TWENTY-SEVENETH:   Denies, upon information and belief, the allegations contained in paragraph designated "26(a)".

TWENTY-SEVENTH:   Denies, upon information and belief, the allegations contained in paragraph designated "26(b)".

TWENTY-EIGHTH: Denies, upon information and belief, the allegations contained in paragraph designated "26(c)".

TWENTY-NINTH:  Denies, upon information and belief, the allegations contained in paragraph designated "26(d)".

- 5 -

THIRTIETH:       Denies, upon information and belief, the allegations contained in paragraph designated "27".

THIRTY-FIRST:   Denies, upon information and belief, the allegations contained in paragraph designated "27(a)".

THIRTY-SECOND: Denies, upon information and belief, the allegations contained in paragraph designated "27(b)".

THIRTY-THIRD:   Denies, upon information and belief, the allegations contained in paragraph designated "27(c)".

THIRTY-FOURTH: Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "28".

### COUNT I - VIOLATION OF 42 U.S.C. §1983

THIRTY-FIFTH:   The defendant repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs "1" through "28 with the same force and effect as though fully set forth herein in response to paragraph "29".

- 6 -

THIRTY-SIXTH:   Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "30"

### COUNT II – WRONGFUL ARREST AND ASSAULT AND BATTERY

THIRTY-SEVENTH:      The defendant repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs "1" through "30 with the same force and effect as though fully set forth herein in response to paragraph "31".

THIRTY-EIGHTH: Denies, upon information and belief, the allegations contained in paragraph designated "32".

THIRTY-NINTH:   Denies, upon information and belief, the allegations contained in paragraph designated "33".

FORTIETH: Denies, upon information and belief, the allegations contained in paragraph designated "34".

FORTY-FIRST:   Denies, upon information and belief, the allegations contained in paragraph designated "34(a)".

- 7 -

FORTY-SECOND:   Denies, upon information and belief, the
allegations contained in paragraph designated "34(b)".

FORTY-THIRD:   Denies, upon information and belief, the
allegations contained in paragraph designated "34(c)".

FORTY-FOURTH:   Denies, upon information and belief, the
allegations contained in paragraph designated "34(d)".

FORTY-FIFTH:   Denies, upon information and belief, the
allegations contained in paragraph designated "35".

FORTY-SIXTH:   Denies, upon information and belief, the
allegations contained in paragraph designated "36".

FORTY-SEVENTH: Denies the allegations contained in
paragraph "37" in the form alleged.

FORTY-EIGHTH:   Denies, upon information and belief, the
allegations contained in paragraph designated "38".

FORTY-NINTH:   Denies, upon information and belief, the
allegations contained in paragraph designated "39".

FIFTIETH: Denies, upon information and belief, the allegations contained in paragraph designated "39(a)".

FIFTY-FIRST:    Denies, upon information and belief, the allegations contained in paragraph designated "39(b)".

FIFTY-SECOND:  Denies, upon information and belief, the allegations contained in paragraph designated "39(c)".

FIFTY-THIRD:    Denies, upon information and belief, the allegations contained in paragraph designated "39(d)".

FIFTY-FOURTH:  Denies, upon information and belief, the allegations contained in paragraph designated "39(e)".

FIFTY-FIFTH:    Denies, upon information and belief, the allegations contained in paragraph designated "40".

FIFTY-SIXTH:    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "41".

## COUNT IV – VIOLATION OF 42 U.S.C.
## §1983 SUPERVISORY LIABILITY1

FIFTY-SEVENTH: The defendant repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs "1" through "41" with the same force and effect as though fully set forth herein in response to paragraph "42".

FIFTY-EIGHTH:  Denies, upon information and belief, the allegations contained in paragraph designated "43".

FIFTY-NINTH:   Denies, upon information and belief, the allegations contained in paragraph designated "44".

SIXTIETH: Denies, upon information and belief, the allegations contained in paragraph designated "45".

## COUNT VI – VIOLATION OF NEW YORK CONSTITUTION
## ARTICLE 1 SECTION 11 OF THE NEW YORK STATE CONSTITUTION

SIXTY-FIRST:   The defendant repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs "1" through "45" with the same force and

---

[1] The complaint does not contain any Count III or Count V.

effect as though fully set forth herein in response to paragraph "46".

SIXTY-SECOND:  Denies, upon information and belief, the allegations contained in paragraph designated "47".

SIXTY-THIRD:   Denies, upon information and belief, the allegations contained in paragraph designated "48".

SIXTY-FOURTH:  Denies, upon information and belief, the allegations contained in paragraph designated "49".

### COUNT VII -  VIOLATION OF OHIO CONSTITUTION ARTICLE 1 SECTION ONE, SECTIONS ELEVEN AND FOURTEEN OF THE STATE OF OHIO CONSTITUTION

SIXTY-FIFTH:   The defendant repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs "1" through "49" with the same force and effect as though fully set forth herein in response to paragraph "50".

SIXTY-SIXTH:   Denies, upon information and belief, the allegations contained in paragraph designated "51".

SIXTY-SEVENTH: Denies, upon information and belief, the allegations contained in paragraph designated "52".

SIXTY-EIGHTH:  Denies, upon information and belief, the allegations contained in paragraph designated "53".

### COUNT VIII – PRIMA FACIE TORT

SIXTY-NINTH:    The defendant repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs "1" through "53" with the same force and effect as though fully set forth herein in response to paragraph "54".

SEVENTIETH:    Denies, upon information and belief, the allegations contained in paragraph designated "55".

SEVENTY-FIRST: Denies, upon information and belief, the allegations contained in paragraph designated "56".

### AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

SEVENTY-SECOND:    Upon information and belief, the defendant, **METRO CLEVELAND SECURITY, INC.**, has not been properly served with the Summons and Complaint in New York, nor does plaintiff have long arm jurisdiction over the said defendant, and, accordingly, the Court does not have personal jurisdiction over said defendant.

### AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

SEVENTY-THIRD: The action should otherwise be dismissed based upon *forum non-conveniens* as all the events herein occurred in Ohio.

### AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

SEVENTY-FOURTH:    The Complaint fails to state a cause of action against defendant, **METRO CLEVELAND SECURITY, INC.**, as a matter of law.

**AS AND FOR A FOURTH, SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE, THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

SEVENTY-FIFTH: Counts I and IV of the Complaint fail to
state a cause of action against the defendant, **METRO CLEVELAND
SECURITY, INC.**, under 42 U.S.C. §1983 in that the actions of
said defendant herein, among other things:

- a) Did not subject plaintiff to a deprivation of a
  federally protected right;
- b) Were not taken "under color of any statute,
  ordinance, regulation, custom, or usage" of any
  State;
- c) Do not show any causal connection between the
  alleged misconduct complained of and the said
  defendant and no action will lie against the said
  defendant under 42 U.S.C. §1983 solely on the
  basis of *respondeat superior*;
- d) Were at most (although this is denied) negligent
  which would not support a cause of action against
  defendant under said statute; and are
- e) Entitled to immunity or qualified immunity

- 14 -

**AS AND FOR A FIFTH, SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE, THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

SEVENTY-SIXTH: Court II of the Complaint for alleged wrongful arrest and assault and battery is time-barred by the applicable one-year statute of limitations for said torts.

**AS AND FOR A SIXTH, SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE, THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

SEVENTY-SEVENTH:   Count VI[2] of the Complaint for alleged violation of Article 1, Section II, of the New York State Constitution, fails to state any cognizable cause of action and, if it did, such would be time-barred by the applicable statute of limitations.

**AS AND FOR A SEVENTH, SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE, THIS
ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

SEVENTY-EIGHTH:   Count VII of the Complaint for violation of the Ohio constitution, Article I, Sections 1, 11 and 14 fails to state any cognizable cause of action and, if it did, such would be time-barred by the applicable statute of limitations.

---

[2] The complaint does not contain any Count III or Count V.

### AS AND FOR AN EIGHTH, SEPARATE AND
### DISTINCT AFFIRMATIVE DEFENSE, THIS
### ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

SEVENTY-NINTH: Count VIII of the Complaint for *prima facie*
tort fails to state a cause of action in that, if plaintiff had
such a cause of action (which is denied), it would necessarily,
upon information and belief, only arise under Ohio law, but Ohio
does not recognize a cause of action for *prima facie* tort.

### AS AND FOR A NINTH, SEPARATE AND
### DISTINCT AFFIRMATIVE DEFENSE, THIS
### ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

EIGHTIETH:     Court VIII of the Complaint for *prima facie*
tort would be otherwise time-barred by the one-year statute of
limitations applicable to said tort.

### AS AND FOR A TENTH, SEPARATE AND
### DISTINCT AFFIRMATIVE DEFENSE, THIS
### ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

EIGHTY-FIRST: That the damages allegedly suffered by the
injured plaintiff were caused in whole or in part by the
culpable conduct of the injured plaintiff himself.   The
plaintiff's claim is therefore barred or diminished in the

proportion that such culpable conduct of the injured plaintiff bears to the total culpable conduct causing the damages.

### AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

EIGHTY-SECOND: The injured plaintiff, if he may have sustained any injuries at the time and place, and upon the occasion mentioned in the Complaint, assumed the risk of sustaining same under the conditions and circumstances then existing and obvious.

### AS AND FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

EIGHTY-THIRD:  That any liability to the plaintiff is limited by the provisions of Article 16 of the CPLR.

### AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

EIGHTY-FOURTH: In the event plaintiff recovers a verdict or judgment against this defendant, then said verdict or judgment must be reduced pursuant to CPLR §4545(c) by those amounts which have been or will, with reasonable certainty, replace or indemnify plaintiff in whole or in part, for any past future

claimed economic loss, from any collateral source such as insurance, social security, Workers' Compensation or employee benefit programs.

### AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

EIGHTY-FIFTH:  The wrongful acts set forth in plaintiff's Complaint were committed by third parties over which this answering defendant had no control or right of control.

### AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

EIGHTY-SIXTH:  Plaintiff's causes of action for false arrest, false imprisonment and assault and battery are invalid as defendants had probable cause and/or other justification

### AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

EIGHTY-SEVENTH:    The actions by the defendant alleged in plaintiff's Complaint were privileged and proper.

### AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

EIGHTY-EIGHTH: Plaintiff's damages, if any, were caused by a superseding and/or intervening act by the plaintiff or other parties, or other entities over whom answering defendant had no administration, supervision or control, nor the right of control and for whose actions the answering defendants are not and cannot be liable.

### AS AND FOR AN EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

EIGHTY-NINTH:   Plaintiff is barred in whole or in part by the doctrines of absolute and/or qualified immunity.

### AS AND FOR A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

NINETIETH:    Plaintiff's claims are barred in whole or part by the doctrines of waiver, estoppel and laches.

- 19 -

### AS AND FOR A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS <u>ANSWERING DEFENDANT ALLEGES AS FOLLOWS:</u>

NINETY-FIRST:  All acts undertaken by defendants were taken reasonably and in good faith without reckless disregard of plaintiff's rights, and were carried out solely in the discharge of its duties and responsibilities.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS, GREYHOUND LINES, INC., SECURITY OFFICER JOHN AND JOE DOE INDIVIDUALLY AND AS SECURITY OFFICERS, THIS <u>ANSWERING DEFENDANT ALLEGE AS FOLLOWS:</u>

NINETY-SECOND: That if the plaintiff sustained the injuries and damages in the manner and at the time and place alleged, and if it is found that the answering defendant, **METRO CLEVELAND SECURITY, INC. s/h/a METRO CLEVELAND SECURITY** is liable to plaintiff herein, all of which is specifically denied, then said answering defendant, on the basis of apportionment of responsibility for the alleged occurrence, is entitled to contribution from the co-defendants, **GREYHOUND LINES, INC., SECURITY OFFICER JOHN AND JOE DOE INDIVIDUALLY AND AS SECURITY OFFICERS,** to pay for all or part of any verdict or judgment that plaintiff may recover against the answering defendant proportionate to the co-defendants' actual negligence.

**AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS, GREYHOUND LINES, INC., SECURITY OFFICER JOHN AND JOE DOE INDIVIDUALLY AND AS SECURITY OFFICERS, THIS ANSWERING DEFENDANT ALLEGE AS FOLLOWS:**

NINETY-THIRD:   That if the plaintiff sustained the injuries and damages in the manner and at the time and place alleged, and if it is found that the answering defendant, **METRO CLEVELAND SECURITY, INC. s/h/a METRO CLEVELAND SECURITY** is liable to plaintiffs herein, all of which is specifically denied, then said answering defendant, on the basis of contractual and/or common-law indemnification, is entitled to recovery from co-defendants, **GREYHOUND LINES, INC., SECURITY OFFICER JOHN AND JOE DOE INDIVIDUALLY AND AS SECURITY OFFICERS,** for all of any verdict or judgment that plaintiff may recover against the answering defendant.

**WHEREFORE,** defendant, **METRO CLEVELAND SECURITY, INC. s/h/a METRO CLEVELAND SECURITY,** demands judgment dismissing the plaintiff's Complaint against it, and further demands that in the event said answering defendant is found liable to plaintiff herein, then said answering defendant, on the basis of apportionment of responsibility and/or on the basis of indemnity, has judgment over and against **GREYHOUND LINES, INC., SECURITY OFFICER JOHN AND JOE DOE INDIVIDUALLY AND AS SECURITY OFFICERS** for all or part of any verdict or judgment that

plaintiff may recover against said answering defendant, together with the costs and disbursements of this action, and for any expenses incurred by it in the defense thereof, including attorneys' fees actually expended.


Dated:    New York, New York
          March 7, 2008

                              **JONES HIRSCH CONNORS & BULL P.C.**


                    By:    _____
                           James P. Connors, Esq. (JPC-5421)
                           Attorneys for Defendant
                           **METRO CLEVELAND SECURITY, INC.
                           s/h/a METRO CLEVELAND SECURITY**
                           One Battery Park Plaza
                           New York, New York  10004
                           (212) 527-1000

TO:   **LAW OFFICES OF EMDIN & RUSSELL**
      Attorneys for Plaintiff
      286 Madison Avenue, Suite 2002
      New York, New York  10017
      (212) 683-3995


**719165**