UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
TREAVOR WALTERS,                          Index No.:  08-CV-01059
                                                      (MGC)(GWG)

                 Plaintiff,     **AMENDED ANSWER**

    -against-

GREYHOUND LINES, INC., METRO
CLEVELAND SECURITY AND SECURITY
OFFICER JOHN AND JOE DOE
INDIVIDUALLY AND AS SECURITY
OFFICERS,

                 Defendants.
---------------------------------X

    Defendant, **GREYHOUND LINES, INC.**, by its attorneys, JONES HIRSCH CONNORS & BULL P.C., as and for its Amended Answer to plaintiff's Complaint alleges as follows:

### NATURE OF ACTION

    FIRST:   Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "1".

### JURISDICTION AND VENUE

    SECOND:   Denies the allegations contained in paragraph "2" in the form alleged, but admits that **GREYHOUND LINES, INC.** is licensed to do business in the State of New York.

THIRD: Denies, upon information and belief, the allegations contained in paragraph designated "3".

FOURTH: Denies, upon information and belief, the allegations contained in paragraph designated "4".

FIFTH: Denies the allegations contained in paragraph "5" in the form alleged and respectfully refers all questions of law to the Honorable Judge presiding at the trial of this lawsuit.

SIXTH: Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "6".

**PARTIES**

SEVENTH: Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "7".

EIGHTH: Denies the allegations contained in paragraph "8" in the form alleged.

NINTH:    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "9".

## FACTUAL ALLEGATIONS

TENTH:    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "10".

ELEVENTH: Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "11".

TWELFTH:  Denies, upon information and belief, the allegations contained in paragraph designated "12".

THIRTEENTH:    Denies, upon information and belief, the allegations contained in paragraph designated "13".

FOURTEENTH:    Denies, upon information and belief, the allegations contained in paragraph designated "14".

FIFTEENTH: Denies, upon information and belief, the allegations contained in paragraph designated "15".

SIXTEENTH: Denies, upon information and belief, the allegations contained in paragraph designated "16".

SEVENTEENTH: Denies, upon information and belief, the allegations contained in paragraph designated "17".

EIGHTEENTH: Denies, upon information and belief, the allegations contained in paragraph designated "18".

NINETEENTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "19".

TWENTIETH: Denies, upon information and belief, the allegations contained in paragraph designated "20".

TWENTY-FIRST: Denies, upon information and belief, the allegations contained in paragraph designated "21".

TWENTY-SECOND: Denies, upon information and belief, the allegations contained in paragraph designated "22".

TWENTY-THIRD: Denies, upon information and belief, the allegations contained in paragraph designated "23".

TWENTY-FOURTH: Denies, upon information and belief, the allegations contained in paragraph designated "24".

TWENTY-FIFTH: Denies, upon information and belief, the allegations contained in paragraph designated "25".

TWENTY-SIXTH: Denies, upon information and belief, the allegations contained in paragraph designated "26 (a),(b),(c),(d)".

TWENTY-SEVENTH: Denies, upon information and belief, the allegations contained in paragraph designated "27 (a),(b)(c)".

TWENTY-EIGHTH: Denies, upon information and belief, the allegations contained in paragraph designated "28".

## COUNT I - VIOLATION OF 42 U.S.C. §1983

TWENTY-NINTH: The defendant repeats, reiterates and re-alleges each and every admission or denial heretofore made in

response to paragraphs "1" through "28 with the same force and effect as though fully set forth herein in response to paragraph "29".

THIRTIETH: Denies knowledge or information sufficient to form a believe as to allegations contained in paragraph designated "30".

## COUNT II - WRONGFUL ARREST AND ASSAULT AND BATTERY

THIRTY-FIRST: The defendant repeats, reiterates and re-alleges each and every admission or denial heretofore made in response to paragraphs "1" through "30 with the same force and effect as though fully set forth herein in response to paragraph "31".

THIRTY-SECOND: Denies, upon information and belief, the allegations contained in paragraph designated "32".

THIRTY-THIRD: Denies, upon information and belief, the allegations contained in paragraph designated "33".

THIRTY-FOURTH: Denies, upon information and belief, the allegations contained in paragraph designated "34 (a)-(d)".

THIRTY-FIFTH: Denies, upon information and belief, the allegations contained in paragraph designated "35".

THIRTY-SIXTH: Denies, upon information and belief, the allegations contained in paragraph designated "36".

THIRTY-SEVENTH: Denies, upon information and belief, the allegations contained in paragraph designated "37".

THIRTY-EIGHTH: Denies, upon information and belief, the allegations contained in paragraph designated "38".

THIRTY-NINTH: Denies, upon information and belief, the allegations contained in paragraph designated "39 (a)-(e)".

FORTIETH: Denies, upon information and belief, the allegations contained in paragraph designated "40".

FORTY-FIRST: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph designated "41".

## COUNT IV - VIOLATION OF 42 U.S.C.
### §1983 SUPERVISORY LIABILITY[1]

FORTY-SECOND: The defendant repeats, reiterates and re-alleges each and every admission or denial heretofore made in response to paragraphs "1" through "41" with the same force and effect as though fully set forth herein in response to paragraph "42".

FORTY-THIRD: Denies, upon information and belief, the allegations contained in paragraph designated "43".

FORTY-FOURTH: Denies, upon information and belief, the allegations contained in paragraph designated "44".

FORTY-FIFTH: Denies, upon information and belief, the allegations contained in paragraph designated "45".

## COUNT VI - VIOLATION OF NEW YORK CONSTITUTION
### ARTICLE 1 SECTION 11 OF THE NEW YORK STATE CONSTITUTION

FORTY-SIXTH: The defendant repeats, reiterates and re-alleges each and every admission or denial heretofore made in

---

[1] The complaint does not contain any Count III or Count V.

response to paragraphs "1" through "45" with the same force and effect as though fully set forth herein in response to paragraph "46".

FORTY-SEVENTH: Denies, upon information and belief, the allegations contained in paragraph designated "47".

FORTY-EIGHTH: Denies, upon information and belief, the allegations contained in paragraph designated "48".

FORTY-NINTH: Denies, upon information and belief, the allegations contained in paragraph designated "49".

**COUNT VII - VIOLATION OF OHIO CONSTITUTION ARTICLE 1
SECTION ONE, SECTIONS ELEVEN AND FOURTEEN
OF THE STATE OF OHIO CONSTITUTION**

FIFTIETH: The defendant repeats, reiterates and re-alleges each and every admission or denial heretofore made in response to paragraphs "1" through "49" with the same force and effect as though fully set forth herein in response to paragraph "50".

FIFTY-FIRST: Denies, upon information and belief, the allegations contained in paragraph designated "51".

FIFTY-SECOND: Denies, upon information and belief, the allegations contained in paragraph designated "52".

FIFTY-THIRD: Denies, upon information and belief, the allegations contained in paragraph designated "53".

### COUNT VIII - PRIMA FACIE TORT

FIFTY-FOURTH: The defendant repeats, reiterates and re-alleges each and every admission or denial heretofore made in response to paragraphs "1" through "53" with the same force and effect as though fully set forth herein in response to paragraph "54".

FIFTY-FIFTH: Denies, upon information and belief, the allegations contained in paragraph designated "55".

FIFTY-SIXTH: Denies, upon information and belief, the allegations contained in paragraph designated "56".

FIFTY-SEVENTH: Denies, upon information and belief, the allegations contained in paragraph designated "57 (1)(a-g) and (2)(a-f)".

### AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

FIFTY-EIGHT:   Upon information and belief, defendant **GREYHOUND LINES, INC.**. has not been properly served with the Summons and Complaint and, accordingly, the Court does not have personal jurisdiction over said defendant.

### AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

FIFTY-NINTH:   The action should otherwise be dismissed based upon *forum non-conveniens* as all the events herein occurred in Ohio.

### AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

SIXTIETH: The Complaint fails to state a cause of action against defendant, **GREYHOUND LINES, INC.**, as a matter of law.

### AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

SIXTY-FIRST:   Counts I and IV of the Complaint fail to state a cause of action against the defendant, **GREYHOUND LINES,**

**INC.**, under 42 U.S.C. §1983 in that the actions of said defendant herein, among other things:

    a)     Did not subject plaintiff to a deprivation of a federally protected right;

    b)     Were not taken "under color of any statute, ordinance, regulation, custom, or usage" of any State;

    c)     Do not show any causal connection between the alleged misconduct complained of and the said defendant and no action will lie against the said defendant under 42 U.S.C. §1983 solely on the basis of *respondeat superior*;

    d)     Were at most (although this is denied) negligent which would not support a cause of action against defendant under said statute; and are

    e)     Entitled to immunity or qualified immunity

**AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

SIXTY-SECOND:   Court II of the Complaint for alleged wrongful arrest and assault and battery is time-barred by the applicable one-year statute of limitations for said torts.

### AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

SIXTY-THIRD: Count VI[2] of the Complaint for alleged violation of Article 1, Section II, of the New York State Constitution, fails to state any cognizable cause of action and, if it did, such would be time-barred by the applicable statute of limitations.

### AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

SIXTY-FOURTH: Count VII of the Complaint for violation of the Ohio constitution, Article I, Sections 1, 11 and 14 fails to state any cognizable cause of action and, if it did, such would be time-barred by the applicable statute of limitations.

### AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

SIXTY-FIFTH: Count VIII of the Complaint for *prima facie* tort fails to state a cause of action in that, if plaintiff had such a cause of action (which is denied), it would necessarily,

---

[2] The complaint does not contain any Count III or Count V.

upon information and belief, only arise under Ohio law, but Ohio does not recognize a cause of action for *prima facie* tort.

### AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

SIXTY-SIXTH:   Court VIII of the Complaint for *prima facie* tort would be otherwise time-barred by the one-year statute of limitations applicable to said tort.

### AS AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

SIXTY-SEVENTH: That the damages allegedly suffered by the injured plaintiff were caused in whole or in part by the culpable conduct of the injured plaintiff himself.  The plaintiff's claim is therefore barred or diminished in the proportion that such culpable conduct of the injured plaintiff bears to the total culpable conduct causing the damages.

### AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

SIXTY-EIGHTH:   The injured plaintiff, if he may have sustained any injuries at the time and place, and upon the occasion mentioned in the Complaint, assumed the risk of

sustaining same under the conditions and circumstances then existing and obvious.

### AS AND FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

SIXTY-NINTH: That any liability to the plaintiff is limited by the provisions of Article 16 of the CPLR.

### AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

SEVENTIETH: In the event plaintiff recovers a verdict or judgment against this defendant, then said verdict or judgment must be reduced pursuant to CPLR §4545(c) by those amounts which have been or will, with reasonable certainty, replace or indemnify plaintiff in whole or in part, for any past future claimed economic loss, from any collateral source such as insurance, social security, Workers' Compensation or employee benefit programs.

### AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

SEVENTY-FIRST: The wrongful acts set forth in plaintiff's Complaint were committed by third parties over which this answering defendant had no control or right of control.

### AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

SEVENTY-SECOND: Plaintiff's causes of action for false arrest, false imprisonment and assault and battery are invalid as defendants had probable cause and/or other justification

### AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

SEVENTY-THIRD: The actions by the defendant alleged in plaintiff's Complaint were privileged and proper.

### AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

SEVENTY-FOURTH: Plaintiff's damages, if any, were caused by a superseding and/or intervening act by the plaintiff or other parties, or other entities over whom answering defendant had no

administration, supervision or control, nor the right of control and for whose actions the answering defendants are not and cannot be liable.

### AS AND FOR AN EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

SEVENTY-FIFTH: Plaintiff is barred in whole or in part by the doctrines of absolute and/or qualified immunity.

### AS AND FOR A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

SEVENTY-SIXTH: Plaintiff's claims are barred in whole or part by the doctrines of waiver, estoppel and laches.

### AS AND FOR A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

SEVENTY-SEVENTH: All acts undertaken by defendants were taken reasonably and in good faith without reckless disregard of plaintiff's rights, and were carried out solely in the discharge of its duties and responsibilities.

**WHEREFORE**, defendant **GREYHOUND LINES, INC.** demands judgment dismissing the plaintiff's Complaint against it, together with the costs and disbursements of this action, and for any expenses incurred by it in the defense thereof, including attorneys' fees actually expended.

Dated:   New York, New York
         April 29, 2008

                                    JONES HIRSCH CONNORS & BULL P.C.

                              By:   _____
                                    James P. Connors, Esq. (JPC-5421)
                                    Attorneys for Defendant
                                    **GREYHOUND LINES, INC.**
                                    One Battery Park Plaza
                                    New York, New York  10004
                                    (212) 527-1000


TO:   **LAW OFFICES OF EMDIN & RUSSELL**
      Attorneys for Plaintiff
      286 Madison Avenue, Suite 2002
      New York, New York  10017
      (212) 683-3995


722464

- 18 -

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK       )
                        ) ss.:
COUNTY OF NEW YORK      )

**DEBBIE SCHLOTTMAN**, being duly sworn, deposes and says:

deponent is not a party to the action, is over 18 years of age and resides in Dutchess County, New York.

On the 29th day of April, 2008, deponent served the within:

**ANSWER**

upon:

**LAW OFFICES OF EMDIN & RUSSELL**
Attorneys for Plaintiff
286 Madison Avenue, Suite 2002
New York, New York   10017
(212) 683-3995

at the addresse(s) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
DEBBIE SCHLOTTMAN

Sworn to before me this
29th day of April, 2008

_____
Notary Public

DEBORAH McINTOSH-GEORGE
Notary Public, State of New York
No. 01MC6060400
Qualified in Kings County
Commission Expires 5-20-10

- 19 -